UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENJAMIN MALLAH,

       Plaintiff,

v.                          Case No. 8:24-cv-2904-VMC-SPF

ESSENTIA INSURANCE COMPANY,

       Defendant.

_____/

**ORDER**

This matter is before the Court on consideration of Defendant Essentia Insurance Company's Motion to Dismiss Plaintiff's Amended Complaint for Declaratory Relief (Doc. # 21), filed on January 23, 2025. Plaintiff Benjamin Mallah responded on February 13, 2025. (Doc. # 26). For the reasons that follow, the Motion is granted.

## I.   **Background**

Mr. Mallah is a resident of Belleair Beach, Pinellas County, Florida. (Doc. # 9 at 1). He obtained an automobile insurance policy issued by Hagerty Insurance Agency, LLC on behalf of Essentia. (Id. at 2). The policy insured the following vehicles: a 2014 Ferrari California; a 2016 Bentley Mulsanne; and a 2017 Rolls-Royce Dawn. (Id.).

Per his amended complaint, on or about September 27, 2024, the three cars were parked inside Mr. Mallah's home garage and "were involved in a flood loss as a result of storm surge from Hurricane Helene." (Id. at 3). He subsequently filed a claim with Essentia for the loss of the three cars. (Id.). On October 4, 2024, Essentia denied coverage for the damages (Id.; Doc. # 9-3), as it claimed that damages from flood, surge, and ground water were excluded under the policy. (Doc. # 9-3).

The policy contained the following declaration:

### Valuable Collections Policy Endorsement Declarations

**Policy Number:** EA165758C    **Policy State:** FL                **Issue Date:** 08/22/2023
**Policy Term: Effective** October 5, 2023 12:01 a.m. to **Expiration** October 5, 2024 12:01 a.m.
**Policy Change Effective Date:** October 05, 2023 12:01 a.m.

| Named Insured: | Agent: |
|---|---|
| Benjamin Mallah<br>1700 Gulf Blvd.<br>Belleair Beach, FL 33786-3338 | Auto, Life & Home, Inc<br>5562 W. Sample Rd.<br>Margate,FL 33073-3423<br>954-978-9272 |

| COVERED PROPERTY | Total Amount of Insurance | Item Limit | Deductible | Premium |
|---|---|---|---|---|
| **Unscheduled Property** | | | | |
| Spare Parts | $2,500 | NA | $0 | $0.00 |
| **Scheduled Property** | | | | |
| Collector Vehicles | $487,000 | -------- See Section Details -------- | | $6,099.00 |
| **OPTIONAL POLICY COVERAGE** | | | | |
| Flood, Surge & Ground Water Exclusion | | | | Included |
| **OPTIONAL ITEM COVERAGE** | ---------- See Section Details ---------- | | | INCL |
| | | | **Total Policy Premium:** | **$6,099.00** |

(Doc. # 9-2).

The policy also included the following endorsement: "The following exclusion is added to EXCLUDED PERILS . . . : Flood, accumulation of rain or surface water, waves (including tidal wave and tsunami), tides, tidal water; overflow of a body of water . . . . This includes, but is not limited to, tidal surge, storm spray or surge, and storm tide from any of these, even if driven by wind." (Doc. # 9-4).

Mr. Mallah initiated this action against Essentia in the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida, on November 21, 2024, seeking a declaratory judgment that Essentia is required to provide coverage. (Doc. # 1-2 at 3-4). On December 16, 2024, Essentia filed a notice of removal. (Doc. # 1). On December 27, 2024, Mr. Mallah filed the amended complaint, which is the operative complaint. (Doc. # 9). On January 23, 2025, Essentia filed its Motion to Dismiss. (Doc. # 21). Mr. Mallah has responded (Doc. # 26), and the Motion is ripe for review.

## II.  **Legal Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff

with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

## III. **Analysis**

Essentia seeks to dismiss Mr. Mallah's sole claim in this lawsuit, in which Mr. Mallah seeks a declaratory judgment. (Doc. # 21). The crux of the dispute is whether the policy excludes coverage for damages from flood, surge, and ground water. Essentia claims that the coverage was excluded

4

(Doc. # 21), while Mr. Mallah claims that the coverage was included. (Doc. # 26). The Court agrees with Essentia.

The Court must apply Florida law because "[t]he construction of insurance contracts is governed by substantive state law." Provau v. State Farm Mut. Auto. Ins. Co., 772 F.2d 817, 819 (11th Cir. 1985). Under Florida law, "insurance contracts must be construed in accordance with the plain language of the policy." Swire Pac. Holdings, Inc. v. Zurich Ins. Co., 845 So. 2d 161, 165 (Fla. 2003). "[I]f the relevant policy language is susceptible to more than one reasonable interpretation, one providing coverage and the other limiting coverage, the insurance policy is considered ambiguous. An ambiguous provision is construed in favor of the insured and strictly against the drafter." Id. Furthermore, "simply because a provision is complex and requires analysis for application, it is not automatically rendered ambiguous." Id.

Mr. Mallah argues that the insurance policy is ambiguous as to whether the policy excludes coverage for damages from flood, surge, and ground water, such that the policy must be construed in his favor. (Doc. # 21 at 6-7). The Court disagrees. The policy includes the following endorsement: "The following exclusion is added to EXCLUDED PERILS . . . . :

5

Flood, accumulation of rain or surface water, waves (including tidal wave and tsunami), tides, tidal water; overflow of a body of water . . . . This includes, but is not limited to, tidal surge, storm spray or surge, and storm tide from any of these, even if driven by wind." (Doc. # 9-4). Thus, when reading the endorsement's plain language, the only plausible interpretation is that the perils from flood, accumulation of water, and storm surge were excluded from coverage. (Id.); State Farm Fla. Ins. Co. v. Campbell, 998 So. 2d 1151, 1153 (Fla. 5th DCA 2008) ("The scope of an insurance policy's coverage is defined by the plain language in the policy.").

Despite this endorsement, Mr. Mallah asserts that the policy declaration renders the policy ambiguous. (Doc. # 26 at 4). The declaration states that the exclusion of coverage for perils from flood, surge, and ground water is included. (Doc. # 9-2). Per Mr. Mallah, the language of an exclusion being "included" makes it unclear whether the exclusion applied or not. Although the phrasing may be inelegant, the Court finds that the declaration is consistent with the policy's exclusion of this coverage. See Swire Pac. Holdings, Inc., 845 So. 2d at 165 ("[S]imply because a provision is complex and requires analysis for application, it is not

automatically rendered ambiguous."). In fact, the obvious and most reasonable interpretation of this language is that the exclusion was added to the policy. See Siegle v. Progressive Consumers Ins. Co., 819 So. 2d 732, 736 (Fla. 2002) ("[T]erms of an insurance policy should be taken and understood in their ordinary sense and the policy should receive a reasonable, practical and sensible interpretation consistent with the intent of the parties - not a strained, forced or unrealistic construction." (internal quotations omitted)). Furthermore, the declaration in question listed out the various charges that made up the premium, and notably, no charge was listed for the exclusion. (Doc. # 9-2). Had the optional policy coverage for flood, surge, and ground water been included as Mr. Mallah asserts, then surely there would have been an additional charge for this optional coverage. Yet, there was no such charge (Id.), further indicating that the coverage was excluded.

Even if the Court were to credit Mr. Mallah's claim that the declaration was ambiguous, then the Court would turn to the rest of the policy for clarification. See U.S. Fire Ins. Co. v. J.S.U.B., Inc., 979 So. 2d 871, 877 (Fla. 2007) ("[I]n construing insurance policies, courts should read each policy as a whole, endeavoring to give every provision its full

meaning and operative effect." (internal quotations omitted)). Any uncertainty created by the declaration is resolved by the endorsement itself, which states that perils from flood, surge, and ground water are listed among the excluded perils. (Doc. # 9-4).

As the Court has concluded that the insurance policy excluded coverage for damage from flood, surge, and ground water, the Court also concludes that Mr. Mallah has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12; see also Bell Atlantic Corp., 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Furthermore, the Court will not grant leave for Mr. Mallah to amend his complaint because amendment would be futile as the insurance policy definitively excludes this coverage. Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co., 945 F.3d 1150, 1163 (11th Cir. 2019) ("Denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.").

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

1) Defendant Essentia Insurance Company's Motion to Dismiss
Plaintiff's Amended Complaint for Declaratory Relief
(Doc. # 21) is **GRANTED.**

2) The case is **DISMISSED** with prejudice.

3) The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this
<u>21st</u> day of February, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE